## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **PETER JAMES GUERRERO,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00030 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **NAPHCARE - ROANOKE CITY JAIL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Peter James Guerrero, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he received improper medical treatment for his high blood pressure. After review of the Complaint, I conclude that the action must be summarily dismissed.

Guerrero's claims concern events that occurred while he was incarcerated at the Roanoke City Jail ("RCJ"). His allegations are sparse:

> 10-21-2021 was given blood pressure medication for two days upon my arrival here. After the two days they stopped given [sic] me blood pressure medication. My blood pressure is an ongoing problem for many years. The order had been written for 5 days until the doctor could evaluate my condition. Since then my current blood pressure medication has been raised three times and still have high blood pressure in the bottom numbers being 110, 100, 109[.] After two and a half months I[']m still not being given the right medication to fix these problems, headache, chest pain, sweating, feeling hot, agitated. My life is at risk. I need medical treatment.

I am at the mercy of the medical staff the jail provides.

Compl. 2–3, ECF No. 1.  Guerrero's § 1983 Complaint names as the defendants NaphCare and the Roanoke City Jail and seeks injunctive relief.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  A viable complaint must allege "enough facts to state a claim to relief that is *plausible* on its face."  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted).  To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Only "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment."[1]  *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).  To prove deliberate indifference, Guerrero must show that the defendant prison official had "actual . . . knowledge of both the

---

[1]  Guerrero does not indicate whether his problems with medical care at the jail occurred while he was a pretrial detainee or after he had been convicted and sentenced.  In any event, "[t]he Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."  *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.").

"Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). A governmental entity, such as a regional jail authority, however, cannot be held liable under § 1983 automatically for actions taken by its employees. *Id.* at 694. Rather, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted). Similarly,

> [p]rivate companies . . . cannot be held liable for violating a plaintiff's rights solely because they employ an individual who committed an unlawful act. . . . Rather, they can be sued under § 1983 only if the violation results from the company's custom or policy.

*Sorrick v. Manning*, Civil Action No. TDC-16-0709, 2017 WL 3668755, at *8 (D. Md. Aug. 22, 2017), *aff'd*, 717 F. App'x 300 (4th Cir. 2018) (unpublished).

Guerrero alleges that he was adversely affected by a policy of NaphCare, Inc., a private company providing medical care to RCJ inmates.[2]  The Complaint alleges that a company policy allows an inmate to receive his previously prescribed medication only until the jail doctor can examine him.  Liberally construed, Guerrero's allegations are that after providing his previously prescribed medication for a few days, jail officials switched him to a different one at a dosage that the jail doctor prescribed and has since adjusted.  Guerrero complains that this jail practice of allowing the jail's doctor to change his medication has deprived him of the proper medication and dosage.  He points to various symptoms (headache, chest pain, sweating, feeling hot and agitated) as proof that he is being improperly medicated for his blood pressure issues.

I conclude that Guerrero's allegations in this case "fall far short of proof of an unconstitutional municipal policy" that deprived him of adequate medical care. *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999).  His own allegations indicate that throughout his incarceration at the jail, he has received medication prescribed by a doctor for his blood pressure issues.  The fact that Guerrero's previous physician prescribed a different medication or dosage than the jail doctor is nothing more than a disagreement with medical judgments, which does not support a finding that

---

[2]    NaphCare, Inc. provides healthcare services to various correctional facilities. NaphCare, Inc., https://naphcare.com (last visited May 26, 2022).

NaphCare or the jail is deliberately indifferent to the relevant rights of the inmates in their care.[3]  Indeed, Guerrero offers nothing more than his conclusory assertions connecting his symptoms with his current blood pressure medication or its dosage. *Id.* (rejecting municipal liability claim where "one looks in vain for a possible causative link between any municipal decision and [plaintiff's] own experience").

For the stated reasons, I will dismiss this civil action without prejudice, pursuant to § 1997e(c), for failure to state a claim upon which relief could be granted.

A separate Order will be entered herewith.

DATED:  May 27, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

[3]  To the extent that Guerrero sues the jail itself, that entity is not a person subject to being sued under § 1983.  *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation and alteration omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail.").